IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION<br>214 Massachusetts Ave. N.E.<br>Washington, D.C.  20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C.  20002<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave. N.W.<br>Washington, D.C.  20408<br><br>*Defendant*. | Case No. 24-cv-200 |

**COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant DEPARTMENT OF JUSTICE ("DOJ" or "Department") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

**INTRODUCTION AND SUMMARY**

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of records from the Department that Attorney General Merrick B. Garland relied upon in making statements to Congress and the media regarding the authority of U.S. Attorney David Weiss ("Weiss") over the ongoing investigation into Robert Hunter Biden,

1

the son of the President of the United States. Plaintiffs' August 15, 2023 FOIA Request ("Request") seeks those records. FOIA Request (Aug. 15, 2023) (Ex. 1).

2. The Attorney General's statements about Weiss's authority have been contradicted by Weiss himself and multiple criminal investigators from the Internal Revenue Service ("IRS") who worked on the Hunter Biden investigation. All of these statements contradicting the Attorney General have been given to Congress under pain of felony. Some witnesses have also produced contemporaneous records to support their statements to Congress contradicting the Attorney General.

3. The American people must know: Has the Attorney General of the United States misled Congress, or worse, perjured himself? Sworn testimony of Attorney General Garland before Congress is simply irreconcilable with the testimony of the IRS witnesses and statements from Weiss himself. Plaintiffs' FOIA Request seeks to answer this burning national question. And that is why this action is necessary.

**PARTIES**

4. Plaintiff The Heritage Foundation is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense." Heritage Foundation, About Heritage, *found at* https://www.heritage.org/about-heritage/mission (last visited Jan. 12, 2024). Heritage is a not-for-profit IRC section 501(c)(3) organization which

engages in substantial dissemination of information to the public.  Heritage operates a national news outlet, *The Daily Signal*.

5.   Plaintiff Mike Howell leads The Heritage Foundation's Oversight Project and is an author for *The Daily Signal*.  The Oversight Project is an initiative aimed at obtaining information via Freedom of Information Act requests and other means in order to best inform the public and Congress for the purpose of Congressional oversight.  The requests and analysis of information are informed by Heritage's deep policy expertise.  By function, the Oversight Project primarily engages in disseminating information to the public.  Oversight Project, *found at* https://www.heritage.org/oversight (last visited Jan. 16, 2024); X, *found at* @OversightPR, https://twitter.com/OversightPR (last visited Jan. 16, 2024).  Staff for the Oversight Project routinely appear on television, radio, print, and other forms of media to provide expert commentary on salient issues in the national debate.

6.   Defendant DOJ is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1), whose mission is to "uphold the rule of law, to keep our country safe, and to protect civil rights."  *About DOJ*; Our Mission, *found at* https://www.justice.gov/about#:~:text=Mission,and%20to%20protect%20civil%20rights. (Jan. 16, 2024).

**JURISDICTION AND VENUE**

7.   This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia, and to 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

8.   Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant DOJ's principal place of business is in the District of Columbia.

## **PLAINTIFFS' FOIA REQUEST**

9. Weiss has been leading the investigation into Hunter Biden for over five years. On August 11, 2023, Attorney General Garland appointed Weiss Special Counsel for the investigation. Att'y Gen Order No. 5730-2023, Appointment of David C. Weiss as Special Counsel ("Appointment Order") (Ex. 2).

10. Prior to his appointment of Weiss as Special Counsel in the Hunter Biden investigation, Attorney General Garland made multiple statements to Congress and the media regarding Weiss's authority. Plaintiffs' FOIA Request seeks the records Attorney General Garland relied upon in making those statements. In particular, the Request seeks:

> All records relied upon by Attorney General Merrick B. Garland in the following public statements:
>
> - "So, I am not going to comment about this investigation, but as everyone knows there is an investigation going on in Delaware by the U.S. Attorney who was appointed by the previous Administration. I can't comment on it any further than that." *Oversight of the United States Department of Justice: Hearing Before the H. Comm. on the Judiciary*, 117th Cong. 206 (Oct. 21, 2021) (Ex. 3).[1]
>
> - "So the Hunter Biden investigation, as I said even in my own nomination confirmation hearing, is being run by and supervised by the United States Attorney for the District of Delaware." *A Review of the President's Fiscal Year 2023 Funding Request for the U.S. Department of Justice: Hearing before the S. Comm. on Appropriations, Subcomm. On Justice, Science, and Related Agencies*, 117th Cong., CQ Trans. at *16–18 (Apr. 26, 2022) (Ex. 4).
>
> - "He [U.S. Attorney Weiss] is supervising the investigation. And I'm, you know, I'm not at liberty to talk about internal Justice Department deliberations, but he is in charge of that investigation. There will not be interference of any political or improper kind." *Id.* at *16.

---

[1] (Footnote not in original). Attorney General Garland's statements at this hearing were subject to 18 U.S.C. § 1001(c)(2) (false statements to Congress), 18 U.S.C. § 1505 (obstruction of a Congressional investigation), and 18 U.S.C. § 1621 (perjury).

4

- "Again, he [U.S. Attorney Weiss] is the supervisor of this investigation and, you know, the normal processes of the department occur. But he is the supervisor of this investigation." *Id.* at *16.

- "Because we put the investigation in the hands of a Trump appointee from the previous Administration who's the United States Attorney for the District of Delaware. And because you have me as the Attorney General, who is committed to the independence of the Justice Department from any influence from the White House in criminal matters. *Id.* at *17.

- "Senator, following the longstanding rule of the Justice Department we don't discuss investigations or evidence that maybe—may or may not be relevant to investigations That's a matter for the United States Attorney's office that's investigating the case." *Id.* at *18.

- "So, as the committee well knows from my confirmation hearing, I promise to leave—I promised to leave the matter of Hunter Biden in the hands of the US attorney for the District of Delaware, who was appointed in the previous administration. So, any information like that should have gone or should—or should have gone to that US attorney's offices and the FBI squad that's working with him. I have pledged not to interfere with that investigation, and I have carried through on my pledge." *Oversight of the Department of Justice: Hearing Before the Sen. Comm. on the Judiciary, 118th Cong.*, CQ Trans. at *30–33 (Mar. 1, 2023) (Ex. 5).[2]

- "The—the US attorney in Delaware has been advised that he has full authority to—to make those kind of referrals that you're talking about, or to bring cases in other jurisdictions if he feels it's necessary. And I will assure that, if he does, he will be able to do that." *Id.* at *31.

- "He [U.S. Attorney Weiss] would have to bring—if it's in another district, he would have to bring the case in another district. But as I said, I promise to ensure that he's able to carry out his investigation and that he be able to run it. And if he needs to bring it in another jurisdiction, he will have full authority to do that." *Id.* at *31.

- "Well, it's a kind of a complicated question. If it—under the regulations, that kind of act, he [U.S. Attorney Weiss] would have to bring to me under—to the Attorney General. Under the regulations, those kind of charging decisions would have to be brought. I would then have to, you know, authorize it and permit it to be brought in another jurisdiction. And that is exactly what I promised to do here

---

[2] (Footnote not in original). Attorney General Garland's statements at this hearing were subject to 18 U.S.C. § 1001(c)(2) (false statements to Congress), 18 U.S.C. § 1505 (obstruction of a Congressional investigation), and 18 U.S.C. § 1621 (perjury).

already, that if he needs to do—bring a case in another jurisdiction, he will have my full authority to do that." *Id.* at *31–32.

- "So, I—I don't know the answer to that. I do—and I don't want to get into the internal elements of decision making by the US attorney. But he [U.S. Attorney Weiss] has been advised that he is not to be denied anything that he needs. And if that were to happen, it should ascend through the department's ranks. And I have not heard anything from that office to suggest that they're not able to do everything that the US attorney wants to do." *Id.* at *32.

- "I can't comment about the investigation, other than to say that all the matters involving Mr. Hunter Biden are the purview of the US attorney in Delaware. He's not restricted in his investigation in any way." *Id.* at *138.

- "Yes, it's still the case that I stand by my testimony, and I refer you to the U.S. attorney for the District of Delaware who is in charge of this case and capable of making any decisions that he feels are appropriate." Alexander Mallin, et. al., *Garland Responds to IRS Agent's Claim Hunter Biden Probe is Being Mishandled* at *1, ABC News (May 2, 2023) (Ex. 6).

- "As I said at the outset, Mr. Weiss, who was appointed by President Trump as the US attorney in Delaware and assigned this matter during the previous administration would be permitted to continue his investigation and to make a decision to prosecute anyway in which he wanted to and in any district in which he wanted to. Mr. Weiss has since sent a letter to the House Judiciary Committee confirming that he had that authority. I don't know how it would be possible for anybody to block him from bringing a prosecution, given that he has this authority." Press Conference, *Justice Dep't Holds News Briefing on China-Based Chemical Manufacturing Companies and Arrests of Executives in Fentanyl Manufacturing, Stmt. of Merrick Garland , Att'y Gen.*, at *17–18 (June 26, 2023) (Ex. 7).

- "I say, [U.S. Attorney Weiss] was given complete authority to make all decisions on his own. *Id*. at *18.

- "The only person with authority to make somebody a special counsel or refuse to make somebody a special counsel is the attorney general. Mr. Weiss never made that request to me. *Id.*

- "Mr. Weiss had in fact more authority than a special counsel would have had. He had and has complete authority, as I said, to bring a case anywhere he wants in his discretion. *Id*. at *19.

Request at 1–4.

6

11.     Plaintiffs submitted the Request to the Office of Information Policy ("OIP"), Office of the Solicitor General ("OSG"), Office of Legal Counsel ("OLC"), the Criminal Division, and the Civil Division.

12.     The Request sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e)(1)(iv) because the Attorney General's statements about Weiss's authority concern "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." *Id.* at 8–15. The Request included a seven-page analysis supplemented by 1,598 pages of appendices to support its request for expedited processing. *Id.*

13.     The Request sought a fee waiver based on the extensive national interest in, and concern over, the truthfulness of the Attorney General's statements to Congress and the media about Weiss's authority and Plaintiffs' status as a not-for-profit entity that operates a major news outlet with a primary mission to inform the public. *Id.* at 7–8.

## DEFENDANT'S RESPONSES TO PLAINTIFFS' REQUEST

14.     On August 25, 2023, OSG provided its initial response to the Request and assigned it tracking number OSG FOIA No. 2023-128095. Letter from Valerie Yancey to Mike Howell (Aug. 25, 2023) (Ex. 8). OSG notified Plaintiffs it conducted a search based on information in the Request and found no pertinent records. *Id.* at 4.

15.     On August 29, 2023, the Criminal Division acknowledged receipt of the Request and assigned it tracking number CRM-301986421. Letter from Christina Butler to Mike Howell (Aug. 29, 2023) (Ex. 9). The letter notified Plaintiffs that the Request was misdirected, OIP was the proper component to process the Request, and closed the Request.

16. On August 30, 2023, the Civil Division acknowledged receipt of the Request and assigned it tracking number 145-GOI-19513. Letter from FOIA and Privacy Office, Civil Division, Dep't of Justice to Mike Howell (Aug. 30, 2023) (Ex. 10). The letter explained, "the Civil Division does not maintain records for the Office of the Attorney General," that OIP would be responding directly to Plaintiffs, and closed the Request. *Id*. at 1.

17. On September 1, 2023, OLC sent a letter acknowledging receipt of the Request and assigned it tracking number FY-23-119. Letter from Jared Kaprove to Mike Howell (Sept. 1, 2023) (Ex. 11). The letter explained, the "FOIA requests seeking documents that originated in the Office of the Attorney General, as well as other leadership offices, are processed by the Office of Information Policy ('OIP')" and closed the Request as misdirected. *Id.*

## DENIAL OF PLAINTIFFS' FOIA REQUEST

18. On August 25, 2023, OIP acknowledged the Request, assigning it tracking number FOIA-2023-02259, and denied the Request. Letter from Douglas Hibbard to Mike Howell (Aug. 25, 2023) ("Denial" or "Denial Letter") (Ex. 12). The Denial Letter stated the Request was not "reasonably described in a way that will allow agency personnel to conduct an appropriate records search . . ." *Id.* at 1. The Denial Letter did not acknowledge contrary authority in this District.

## PLAINTIFFS' ADMINISTRATIVE EXHAUSTION

19. On August 28, 2023, Plaintiffs administratively appealed OIP's Denial. Letter from Mike Howell to Bobak Talebian (Aug. 28, 2023) ("Appeal") (Ex. 13). In the Appeal, Plaintiffs provided legal and factual justifications to illustrate that the Request reasonably described the records sought.

20. On August 29, 2023, OIP acknowledged receipt of the Appeal and assigned it tracking number A-2023-01877.  Letter from Priscilla Jones, Supervisory Administrative Specialist, OIP to Mike Howell (Aug. 29, 2023) (Ex. 14).  As of the filing of this Complaint, the Appeal is in progress.

21. Thirty business days from August 18, 2023 is October 2, 2023.

22. Twenty business days from August 28, 2023 is September 26, 2023.

23. As of the filing of this Complaint, the Department has not produced any records in response to the Request.

**FIRST CLAIM FOR RELIEF**
**Violation FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

24. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

25. FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General, *Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

26. Plaintiffs properly requested records within the possession, custody, and control of Defendant.

27. Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

28. Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

29. Defendant's failure to conduct searches for responsive records violates FOIA and DOJ regulations.

9

30. Plaintiffs have a statutory right to the information they seek.

31. Defendant is in violation of FOIA.

32. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

33. Plaintiffs have no adequate remedy at law.

34. Plaintiffs have constructively exhausted their administrative remedies.

## SECOND CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

35. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

36. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

37. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

38. Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

39. Defendant is wrongfully withholding non-exempt records requested by Heritage by failing to produce any records responsive to Plaintiffs' FOIA Request.

40. Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

41. Defendant's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

42. Plaintiffs have a statutory right to the information they seek.

43. Defendant is in violation of FOIA.

44. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

45. Plaintiffs have no adequate remedy at law.

46. Plaintiffs have constructively exhausted their administrative remedies.

**THIRD CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Provide Expedited Processing**

47. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

48. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." *Attorney General, Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

49. Plaintiffs requested expedited processing in the Request pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e)(1)(iv).

50. The Department has failed to process the Request in an expedited manner.

51. Defendant has failed to process the Request "as soon as practicable."  5 U.S.C. § 552(a)(6)(E)(iii).

52. Defendant's failure to expeditiously provide all non-exempt responsive records violates FOIA and DOJ regulations.

53. Plaintiffs have a statutory right to the information they seek.

54. Defendant is in violation of FOIA.

55. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

56. Plaintiffs have no adequate remedy at law.

57. Plaintiffs have constructively exhausted their administrative remedies.

**FOURTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Fee Waiver**

58. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

59. FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  *Attorney General, Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

60. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

61. Defendant has constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 28 C.F.R. §16.10(k).

62. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

63. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

64. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

65. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

66. Plaintiffs have a statutory right to a fee waiver.

67. Defendant is in violation of FOIA by denying a fee waiver.

68. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

69. Plaintiffs have no adequate remedy at law.

70. Plaintiffs have constructively exhausted their administrative remedies.

## FIFTH CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Statutory Bar Against Charging Fees

71. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

72. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

73. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

74. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

75. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

76. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

77. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

78. Defendant has not determined "more than 5,000 pages are necessary to respond to this request," or discussed with Plaintiffs how Plaintiffs "could effectively limit the scope of the request." 5 U.S.C. § 552(a)(4)(A)(viii)(II)(cc).

79. Defendant is currently statutorily barred from charging fees related to Plaintiffs' FOIA Request. Therefore, Plaintiffs have a statutory right to have the Request processed without being charged any fees.

80. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

81. Plaintiffs have no adequate remedy at law.

82. Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A. Enter a preliminary and permanent injunction compelling Defendant to process Plaintiff's FOIA Request on an expedited basis.

B. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Request;

C. Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Request and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

D. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Request;

E.      Enjoin Defendant from assessing fees or costs for Plaintiffs' FOIA Request;

F.      Retain jurisdiction over this matter as appropriate;

G.      Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

H.      Grant such other and further relief as this Court may deem just and proper.

Dated: January 23, 2024           Respectfully submitted,

/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 999979)
Chambers of Samuel Everett Dewey, LLC
Telephone: (703) 261-4194
Email: samueledewey@sedchambers.com

ERIC NEAL CORNETT
(No. 1660201)
Law Office of Eric Neal Cornett
Telephone: (606) 275-0978
Email: neal@cornettlegal.com

DANIEL D. MAULER
(No. 977757)
The Heritage Foundation
Telephone: (202) 617-6975
Email: Dan.Mauler@heritage.org

*Counsel for Plaintiffs*